UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at Pikeville)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 7: 06-029-SS-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| DARRELL TRIPLETT, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant Darrell Triplett was sentenced on January 8, 2008, to a term of imprisonment of 148 months based upon his involvement in a conspiracy that distributed a large quantity of cocaine in eastern Kentucky. [Record No. 514] On this date, Triplett has moved the Court to reduce his sentence under 18 U.S.C. § 3582(c) based on recent changes in the drug tables used to determine non-binding guideline ranges for incarceration applicable to certain federal drug offenses. [Record No. 800] For the reasons explained below, the relief requested is not appropriate. Therefore, Triplett's motion will be denied.[1]

---

[1] The Court has also determined that appointment of counsel is not necessary. Further, this matter need not be scheduled for hearing to resolve the defendant's motion. There is no constitutional right to counsel or to a hearing in proceedings filed under 18 U.S.C. § 3582(c)(2). *United States v. Whitebird*, 55 F.3d 1007 (5th Cir. 1995); *United States v. Townsend*, 98 F.3d 510 (9th Cir. 1996); *United States v. Webb*, 565 F.3d 789 (11th Cir. 2009); and *United States v. Legree*, 205 F.3d 724 (4th Cir. 2000), *cert. denied*, 531 U.S. 1080 (2001). A motion filed under 18 U.S.C. § 3582(c)(2), "is simply a vehicle through which appropriately sentenced prisoners can urge the court to exercise leniency to give [them] the benefits of an amendment to the U.S. Sentencing Guideline Manual. As such, it does not entitle [a prisoner] to appointed counsel." *Townsend*, 98 F.3d at 513 (citing *Whitebird*, 55 F.3d at 1011). Instead, the district court has discretion to determine whether appointment of counsel is warranted. Where, as here, the record and information possessed by the Court from the original sentencing is sufficient to consider any motion filed under 18 U.S.C. § 3582(c)(2), appointment of counsel would be unnecessary and a waste of resources.

Triplett was named in a second superseding indictment returned on May 24, 2007[2], along with twelve other defendants. [Record No. 203] While several co-defendants eventually proceeded to trial and were convicted, Triplett entered a guilty plea on July 30, 2007, to the conpiracy charge (Count 1) and two forfeiture counts (Counts 36 and 37) of the second superseding Indictment. [Record No. 251]

The factual basis supporting Triplett's guilty plea is contained in paragraph 3 of his written Plea Agreement. It provides:

> (a) The Defendant, Darrell Triplett, during dates charged in the Indictment conspired with Pamela Justice, Timothy Neal Howard, Roy Branham, Terry Branham, Stephen Randy Gearheart, Steve Tackett, and Louvella Tackett and others known and unknown to possess with intent to distribute and to distribute cocaine.
>
> (b) The FBI and Kentucky State Police conducted numerous controlled purchases of cocaine from associates of the Defendant including Terry Branham during 2006 of approximately 42 ounces of cocaine. These transactions were audio/video recorded by the Kentucky State Police. On September 17, 2006, Kentucky State Police traffic stopped Stephen Randy Gearheart in possession of approximately 1 ounce of cocaine and after being advised of his rights Gearheart admitted that he obtained the cocaine from Darrell Triplett at his residence in Langley, Kentucky. On September 18, 2006, Kentucky State Police conducted

---

[2] The original indictment was returned on November 21, 2006, and named Pamela Justice and Darrell Triplett as the only defendants. [Record No. 8] Count 1 alleged a conspiracy to distribute cocaine in several counties in the Eastern District of Kentucky. On March 22, 2007, the first superseding indictment was returned, naming Triplett and ten other defendants. [Record No. 63] The second superseding indictment included twenty counts, including forfeiture counts. Triplett was named in 15 of those counts. A third superseding indictment was filed on September 26, 2007, after Triplett had entered a guilty plea. This indictment named only five defendants who had not previously entered guilty pleas. [Record No. 354] Trial on those charges proceeded against Defendants Roy Branham, Terry Branham, Kathy Branham and Tina Mills beginning December 11, 2007. On December 21, 2007, the jury returned convictions on multiple counts against three defendants. The forth defendant, Tina Mills, was acquitted. [Record Nos. 458, 462-67] Defendant Triplett testified as a government witness on December 17, 2007. [Record Nos. 461, 479]

surveillance on the Defendant and in a trash pull recovered four kilogram cocaine wrappers disposed by the Defendant and Pamela Justice.

(c) On November 4, 2006, the Defendant was subject to a traffic stop by the Kentucky State Police and along with Pamela Justice was found in possession of approximately 2 kilograms of cocaine. Upon interview after being advised of his rights the Defendant admitted to obtaining the cocaine from an out of state source who was hispanic and delivered to customers in Kentucky. On November 4, 2006, a search of the Defendant's residence in Langley, Kentucky revealed various amounts of currency, vehicles, firearms, ammunition, and equipment which had been purchased by drug proceeds or used to facilitate the drug offense. In addition, officers searched the travel camper and found approximately 1/3 of kilogram of cocaine concealed therein.

(d) Numerous cooperating witnesses stated that they have witnessed the Defendant Pamela Justice and Timothy Neal Howard distribute approximately 40 kilograms of cocaine. The FBI in a long term investigation pursuant to Court order intercepted numerous calls placed over the telephones of the Defendant and Terry Branham which revealed that numerous drug transactions occurred between the conspirators named in the Indictment.

(e) The substances seized have been laboratory tested and confirmed to be cocaine, a Schedule II controlled substance.

[Record No. 502]

The Presentence Investigation Report ("PSR") prepared in Triplett's case recommended a non-binding guideline range of incarceration of 168 to 210 months based on: (i) the drug quantity attributed to him; (ii) his possession of a weapon during the offense; and (iii) his acceptance of responsibility. [Record No 519] Additionally, Triplett faced mandatory minimum term of incarceration of not less than ten years. However, based on his cooperation, the United States moved the Court to consider a lesser sentence under U.S.S.G. §5K1.1 and 18 U.S.C. § 3553(e). [Record No. 490]

As Tackett indicates in his present motion, after hearing arguments of counsel, the Court determined that a sentence of 148 months would be sufficient, but not greater than necessary to serve all statutory goals as outlined in 18 U.S.C. § 3553(a). Although the Court was not obligated to impose a sentence at or above the mandatory minimum term otherwise applicable, or within the range calculated under the United States Sentencing Guidelines, in light of all facts presented, a sentence of 148 months of imprisonment was and is necessary to meet all statutory goals and objectives.

While this sentence reflects cooperation by the defendant, his testimony during trial was not entirely believable. Further, in reaching the ultimate determination of an appropriate sentence, the Court considered the seriousness of the offense and its consequences as well as the need to provide specific deterrence to Triplett and general deterrence to others inclined to commit similar offenses. The Court concluded at the time that a lower term of incarceration was not appropriate. That conclusion has not changed with the passage of time or with the recent amendments to the United States Sentencing Guidelines. Finally, while the costs of incarceration are significant, those costs are not factors to consider under 18 U.S.C. § 3553(a), and they do not overcome the relevant considerations outlined above.

In summary, this Court recognizes that it has the authority and ability to reduce Defendant Triplett's sentence based on the amendments to the United States Sentencing Guidelines. However, the fact that the Court *may* reduce the defendant's sentence does not mean that it *must* reduce his sentence. Here, a lesser term of incarceration would unduly diminish the

seriousness of the offense and would not provide appropriate punishment for Triplett's crime. As a result, it is hereby

**ORDERED** that Defendant Darrell Triplett's Motion for Sentence Reduction pursuant to 18 U.S.C. § 3582(c)(2) [Record No. 800] is **DENIED**.

This 10th day of November, 2014.

Signed By:
*Danny C. Reeves* DCR
United States District Judge